UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| DOUGLAS HOWE, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) No. 2:20-cv-00075 |
| COVINGTON SPECIALTY INSURANCE CO., | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Douglas Howe ("Howe") is suing Covington Specialty Insurance Co. ("Covington") for breach of contract after a fire destroyed his commercial building and contents therein located in Crossville, Tennessee. Covington has moved for summary judgment on Howe's claim under Federal Rule of Civil Procedure 56(a), arguing Howe has not presented sufficient evidence that Covington breached its insurance policy. The Court agrees and will grant Covington's motion for summary judgment. (Doc. No. 20).

## I. BACKGROUND[1]

Covington is an insurance company. It issued a commercial property insurance policy to Howe from January 15, 2020 to January 15, 2021. Because Covington is not licensed to conduct business in Tennessee, it delivered the insurance to Prime Rate Premium Finance Corporation, Inc. ("Prime Rate"). Prime Rate and Howe entered into a premium finance agreement ("PFA") that obligated Howe to pay three installments of $540.57 for insurance coverage. Prime Rate would

---

[1] The background facts upon which the Court relies are drawn from the parties' statements of undisputed facts. (Doc. Nos. 20 and 26-2).

then advance Howe's payments to Covington. The PFA contains a power of attorney, allowing Prime Rate to cancel the insurance policy. Howe's first installment was due to Prime Rate on March 15, 2020. He failed to meet this deadline. Consequently, on March 23, 2020, Prime Rate mailed a "10 Day Notice of Intent to Cancel" to Howe that advised him that his insurance would be cancelled on April 2, 2020, unless Prime Rate received the March 15 payment. Again, Howe failed to pay.

On April 3, 2020, Prime Rate issued a "Notice of Cancellation" to Howe and Covington that made cancellation effective on April 4, 2020. Covington then issued a "Notice of Cancellation or Refusal to Renew" to Howe on April 23, 2020, stating the policy had been cancelled on April 4, 2020, at request of Prime Rate. Sometime after the policy elapsed, Howe's building and content therein were destroyed by a fire. Howe subsequently filed a complaint against Covington in state court and this action was removed to this Court. The motion has been fully briefed.

## II.     LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists where there is "evidence on which the jury could reasonably find for the plaintiff." Rodgers v. Banks, 33 F.3d 587, 595 (6th Cir. 2003) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986)).

At the summary judgment stage, the movant has the initial burden to inform the Court "of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts." Id. If the movant meets its burden, the non-moving party must "show specific facts that reveal a genuine issue for trial" to survive summary judgment. Laster v. City of Kalamazoo, 746 F.3d 714, 726 (6th Cir. 2014). The reviewing court should "view

2

Case 2:20-cv-00075   Document 29   Filed 05/27/22   Page 2 of 5 PageID #: 375

the evidence in the light most favorable to the nonmoving party." Tlapanco v. Elges, 969 F.3d 638, 647 (6th Cir. 2020). The Court "may not make credibility determinations nor weigh the evidence" in its analysis. Laster, 746 F.3d at 726.

III. ANALYSIS

Covington's motion for summary judgment presents whether Howe has proffered sufficient admissible evidence that Covington is liable for breach of contract. The Court concludes he has not. Accordingly, the Court will grant Covington's motion for summary judgment and dismiss Howe's claim for relief.

Howe has not shown a genuine issue of material fact as to whether Covington is liable for breach of contract. To survive summary judgment, a plaintiff must proffer admissible evidence of each of the following: (1) the existence of an enforceable contract, (2) nonperformance amounting to a breach of the contract, and (3) damages caused by the breach of contract. BancorpSouth Bank, Inc. v. Hatchel, 223 S.W.3d 223, 227 (Tenn. Ct. App. 2006) (citing Life Care Ctrs. of Am., Inc. v. Charles Town Assocs. Ltd. P'ship, LPIMC, Inc., 79 F.3d 496, 514 (6th Cir. 1996) (applying Tennessee law in a breach of contract dispute)). A contract requires mutual assent to the terms, based upon sufficient consideration, "free from fraud or undue influence, not against public policy and sufficiently definite to be enforced." Higgins v. Oil, Chem and Atomic Workers Int'l Union, 811 S.W.2d 875, 879 (Tenn. 1991). Generally, a contract must be explicit enough so a court can determine the parties' obligations. See Four Eights, LLC v. Salem, 194 S.W.3d 484 (Tenn. Ct. App. 2005). Insurance contracts are treated under the same rules applicable to contracts generally. See Gray v. Estate of Gray, 993 S.W.2d 428, 432 (Tenn. Ct. App. 1998) (citing Draper v. Great Am. Ins. Co., 224 Tenn. 552 (Tenn. 1970); see also Robinson v. Tenn. Farmers Mut. Ins. Co., 857 S.W.2d 559, 565 (Tenn. Ct. App. 1993) (holding an insurer not responsible for claimed loss when

the insured did not pay the premium timely, thus lacking sufficient consideration)). In the instant case, the parties do not dispute that a contract for insurance existed between January 15 and April 4, 2020, nor that Howe's property was damaged by fire. The issue on summary judgment is whether Howe has proffered admissible evidence of consideration to create a valid contract of insurance. For the following reason, the Court finds Howe has not presented any evidence as required by Federal Rule of Civil Procedure 56(a) and Local Rule 56.01(b) and (c)(3)[2] to support his contention that a valid contract for insurance existed.

Howe's only opposition is his unsupported blanket statement that the first installment was not due to Prime Rate until April 15, 2020. (Doc. No. 26-2 ¶ 18). Howe argues he did not receive notice of an earlier installment date and he offers the testimony of Mr. Charles F. Pecchio, PFA, and Covington's Cancellation Letter. However, neither Pecchio's testimony nor the cited documents contain any admissible evidence that contradicts the March 15, 2020 installment payment date. To the contrary, the PFA clearly states that the installment payments are due "on the 15th Day of each succeeding 3rd month, **Beginning 03/15/2020**." (Doc. No. 20-4 at 217). Indeed, such a clause is valid and enforceable, absent a showing that the contract was obtained by fraud or concealment. See Ingram v. Cendant Mobility Fin. Corp., 215 S.W.3d 367, 373 (Tenn. Ct. App. 2006) (holding a contract enforceable when fraud or concealment is not present). Mr. Pecchio's testimony clearly states "the Covington policy was cancelled effective 12:01 a.m. on April 4, 2020," at Prime Rate's request. (Doc. No. 20-1). Finally, the Cancellation Letter reinforces

---

[2] Howe has not complied with Local Rule 56.01(b) which states that "each fact must be supported by specific citation to the record," and the party opposing summary judgment [Howe] must respond to each fact set forth by either "(1) agreeing the fact is undisputed; (2) agreeing that the fact is undisputed for the purpose of ruling on the motion for summary judgment; or (3) demonstrating that the fact is disputed." L.R. 56.01(b), (c). Howe did not "make a response to each fact set forth by [Covington] immediately below each fact set forth by [Covington]." Id. Instead, he submitted a separate document (Doc. No. 26) that the Court will nevertheless consider.

the Court's conclusion. (Doc. No. 20-1)[3]. Because Howe failed to make a payment on March 15, 2020, and did not pay before April 2, 2020, after Prime Rate provided notice of its intent in "10 Day Notice of Intent to Cancel", Covington has within its right to terminate the contract. Therefore, without any admissible evidence for the trial jury to find that the due date was April 15, 2020, Howe's claim for breach of contract must be dismissed.

## IV. CONCLUSION

For the reasons outlined above, Covington's Motion for Summary Judgment (Doc. No. 24) is **GRANTED**. This is a final judgment. The Clerk shall close this file.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] "The policy has been cancelled effective 4/4/2020." (Doc. No. 20-1 at 1).